UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **CYNTHIA FOSS dba HUNTER FOSS DESIGN,** | ) ) ) ) ) | **CIVIL ACTION**<br><br>**NO. 4:19-40098-TSH** |
| **Plaintiff,** | ) | |
| v. | ) ) | |
| **SPENCER BREWERY,** | ) ) | |
| **Defendant.** | ) ) | |

**ORDER AND MEMORANDUM PLAINTIFF'S MOTION TO COMPEL ARBITRATION (Docket No. 8) AND DEFENDANT'S MOTION TO STAY ARBITRATION (Docket No. 5)**

**October 25, 2019**

**HILLMAN, D.J.**

On June 17, 2019, Cynthia Foss ("Plaintiff") filed a demand for arbitration before the American Arbitration Association ("AAA") based on claims she had unsuccessfully litigated twice in this Court. The next day, Plaintiff filed the current action, again raising the same claims. Spencer Brewery ("Defendant") moves to stay Plaintiff's arbitration proceeding on res judicata grounds (Docket No. 5), and Plaintiff moves to compel arbitration (Docket No. 8). Because Plaintiff voluntarily filed suits in this Court instead of a demand for arbitration, I find waiver and *__deny__* Plaintiff's motion to compel. Because the finding in Docket No. 8 moots the Defendant's motion, I *__deny__*, without prejudice, the motion to stay arbitration.

**Discussion**

To assess whether a party has waived the right to arbitration, courts consider (1) "whether the party has actually participated in the lawsuit or has taken other action inconsistent with his

right," (2) "whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated by the defendant to the plaintiff," and (3) "whether there has been a long delay in seeking a stay or whether the enforcement of arbitration was brought up when trial was near at hand." *Jones Motor Co. v. Chauffeurs, Teamsters & Helpers Local Union No. 633 of New Hampshire*, 671 F.2d 38, 44 (1st Cir. 1982) (quoting *Reid Burton Construction, Inc. v. Carpenters District Council*, 614 F.2d 698, 702 (10th Cir. 1980)).  Other factors include "whether the defendants have invoked the jurisdiction of the court by filing a counterclaim without asking for a stay of the proceedings," "whether important intervening steps (e.g., taking advantage of judicial discovery procedures not available in arbitration . . .) had taken place," and "whether the other party was affected, misled, or prejudiced by the delay.  *Id.* (quoting *Reid Burton*, 614 F.2d at 702).

The facts of this case clearly establish waiver.  Plaintiff voluntarily filed two civil actions against Spencer Brewery ("Defendant") in the court system.  After more than a year of litigation, the Court entered judgment against Plaintiff on both actions.  Only then did Plaintiff file a demand for arbitration in the present action.  By choosing to litigate in the court system instead of demanding arbitration in the first instance, Plaintiff waived her right to arbitration.

## Conclusion

For the reasons stated above, I ***deny*** Plaintiff's motion to compel (Docket No. 8) and ***deny*** as moot Defendant's motion to stay arbitration (Docket No. 5).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**