UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
**CYNTHIA FOSS dba HUNTER FOSS**        )
**DESIGN,**                             )      CIVIL ACTION
            **Plaintiff,**              )      NO. 4:19-40098-TSH
**v.**                                  )
                                        )
**SPENCER BREWERY,**                    )
            **Defendant.**              )
_____)


## ORDER AND MEMORANDUM ON DEFENDANT'S RENEWED MOTION TO STAY ARBITRATION (Docket No. 14)

**November 20, 2019**

**HILLMAN, D.J.**

Spencer Brewery ("Defendant") renews its motion to stay an arbitration proceeding commenced by Cynthia Foss ("Plaintiff") before the American Arbitration Association. (Docket No. 14). Under the traditional standard for a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[1] *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))). "The first two factors of the traditional standard are the most critical." *Id.* at 434;

---

[1] These factors overlap with the factors for a preliminary injunction, *Nken*, 556 U.S. at 428; *see also Jean v. Mass. State Police*, 492 F.3d 24, 26-27 (1st Cir. 2007) (listing the elements for a preliminary injunction), which makes sense given the First Circuit's determination that "[a]n order staying an arbitration proceeding is in substance, and often in form, a directive to the parties to cease arbitration" and "is thus injunctive in character," *see Tejidos de Coama, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8, 10 (1st Cir 1994).

1

*cf. Tejidos de Coama*, 22 F.3d at 15 (1st Cir 1994) (reversing a stay of arbitration under the Norris–LaGuardia Act where the moving party did not demonstrate irreparable harm).

Here, the first, third, and fourth factors weigh in Defendant's favor. But as I noted during the October 8, 2019, hearing on Defendant's initial motion, Defendant cannot demonstrate irreparable harm, and this failure is fatal to its motion.[2] While Defendant will undoubtedly lose valuable time and resources litigating meritless claims before an arbitrator, our case law is clear that litigation expenses "do[] not constitute irreparable injury," no matter how substantial they are. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see also Tejidos de Coama*, 22 F.3d at 14. Moreover, by proving likelihood of success on the merits, Defendant has necessarily shown that the arbitrator's award will not constitute irreparable injury. I will decline to enforce any adverse award against Defendant on res judicata grounds, at which point any alleged harm will cease to exist. I therefore ***deny*** Defendant's motion for a stay, even though this decision creates a seemingly senseless and absurd result. (Docket No. 14). But by this order, Plaintiff is on notice that this Court will consider awarding attorneys' fees to the Defendant for fees that it incurs in defending the arbitration.

**SO ORDERED**

                                                      **/s/ *Timothy S. Hillman*** 
                                                    **TIMOTHY S. HILLMAN**
                                                    **DISTRICT JUDGE**

---

[2] Although courts lessen the required showing for irreparable harm where a party has shown a strong likelihood of success in the preliminary injunction analysis, *see Ross-Simons of Warwick, Inc. v. Baccarat, Inc*., 102 F.3d 12, 19 (1st Cir. 1996), *Nken* counsels that no such exception exists in the stay analysis, *see* 556 U.S. at 438 ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.").