UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

_____
                                    )
**CYNTHIA FOSS dba HUNTER FOSS**    )
**DESIGN,**                         )         CIVIL ACTION
              **Plaintiff,**        )         NO.  4:19-40098-TSH
                                    )
**v.**                              )
                                    )
**SPENCER BREWERY,**                )
              **Defendant.**        )
_____ )


## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS (Docket No. 21)

**March 2, 2020**

**HILLMAN, D.J.**

Cynthia Foss ("Plaintiff") commenced the instant action against Spencer Brewery ("Defendant") on June 18, 2019, alleging breach of contract and copyright infringement.  Because the parties have already litigated Plaintiff's claims in two separate actions before this Court, Defendant moves to dismiss on res judicata grounds.  (Docket No. 21).  For the following reasons, the Court ***grants*** the motion.

Federal law governs the res judicata effect of a prior federal court judgment.  *Swaida v. Gentiva Health Servs.*, 238 F. Supp. 2d 325, 327 (D. Mass. 2002).  To establish entitlement to res judicata, a party must show that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits."  *Mass. Sch. of Law at Andover v. Am. Bar Assoc.*, 142 F.3d 26, 37 (1st Cir. 1998) (quoting *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994)).

Here, Defendant has shown the need to apply res judicata to dispose of the instant case. The causes of action and parties between this case and the prior actions are identical,[1] and the judgments in the prior actions were on the merits for the purposes of res judicata. In one of those actions, for example, the Court granted Defendant's motion for judgment on the pleadings, i.e., the Court weighed the merits of Plaintiff's case and entered adverse judgment against her. (Docket No. 21-1). And in the other action, the Court granted Defendant's motion to dismiss for failure to state a claim for relief. (Docket No. 21-2). As the Supreme Court noted in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981), "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Id.* at 399; *see also Andrews–Clarke v. Lucent Techs., Inc.*, 157 F.Supp.2d 93, 99 (D. Mass. 2001) (noting that dismissal for failure to state a claim is "presumed to be with prejudice unless the order explicitly states otherwise" and thus "has a claim preclusive effect"). The Court accordingly ***grants*** Defendant's motion to dismiss.

## Conclusion

For the reasons stated above, Defendant's motion (Docket No. 21) is ***granted***.

**SO ORDERED**

                                                             ***/s/ Timothy S. Hillman***
                                                             **TIMOTHY S. HILLMAN**
                                                             **DISTRICT JUDGE**

---

[1] The prior actions involved the same plaintiff and same defendant (among others), and Plaintiff conceded in an earlier motion that this case raises the same claims as those litigated by the parties in the prior actions. (*See* Docket No. 8).